UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRAL EVANS, ET AL.** | **CIVIL ACTION** |
| | No. 11-2067 C/W<br>11-2068; 11-2069; 11-2182; 11-2348;<br>11-2351; 11-2417; 11-2949; 11-2985; |
| **VERSUS** | 11-2987; 11-3018; 11-3021; 11-3048;<br>11-3049; 12-18; 11-3050<br>REF: ALL CASES |
| **TIN, INC.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] for reconsideration filed by plaintiffs with respect to this Court's previous order dismissing their claims for punitive damages under the general maritime law. Defendant, TIN, Inc. ("TIN"), has filed an opposition.[2] For the following reasons, the motion for reconsideration is **DENIED**.

### *BACKGROUND*

This lawsuit arises out of the alleged wrongful discharge of contaminants from TIN's paper mill and waste treatment facility located in Bogalusa, Louisiana ("the Bogalusa Paper Mill"), into the Pearl River on or about August 9, 2011.[3] Plaintiffs alleged in their master consolidated class action complaint that the discharge from TIN's facilities was "transmitted to the Pearl River directly by a diffuser located in the River itself."[4] Plaintiffs consist of a proposed

---

[1] R. Doc. No. 286.

[2] R. Doc. No. 310.

[3] R. Doc. No. 103, at ¶ 33.

[4] *Id.* at ¶ 111.

1

class of all natural and juridical persons that sustained damage from the discharge, including property owners, businesses, residents, fishermen, and individuals sustaining personal injuries as a result of the discharge.[5] Among other things, plaintiffs sought punitive damages under general maritime law and the laws of Texas and/or Mississippi.[6]

On April 27, 2012, this Court dismissed plaintiffs' claims for punitive damages arising from this incident to the extent that they were asserted under the general maritime law.[7] The Court applied the well-settled maritime location and connection test and it found that the claims did not arise under the general maritime law.[8] The Court held that while the tort occurred on navigable water and had a potentially disruptive impact on maritime commerce, the general character of the activity giving rise to the incident did not show a substantial relationship to traditional maritime activity.[9] The Court explained that TIN's land-based industrial activities did not involve navigation, seaman, safety aboard vessels, or other traditional maritime activities.[10]

On May 25, 2012, plaintiffs filed this motion for reconsideration to reinstate the claims for punitive damages under the general maritime law for commercial fishermen only.[11] Plaintiffs suggest that an amendment to the Court's prior ruling is appropriate because (1) TIN's delictual acts occurred within a navigable river and were not wholly land-based, (2) the conduct amounts to a violation of express provisions of federal law that exist to protect traditional maritime

---

[5] *Id.* at ¶¶ 33-34.

[6] *Id.* at ¶ 315.

[7] R. Doc. No. 224.

[8] *Id.* at pp. 5-8.

[9] *Id.*

[10] *Id.*

[11] R. Doc. No. 286.

navigation and commerce such as commercial fishing, and (3) commercial fishermen claim damages and losses in this action from TIN's violations of maritime law and deserve the protection of maritime law.[12] Plaintiffs contend that the Court was misled by TIN's "total disregard for the actual facts" when it described the discharge as "land-based."[13] Plaintiffs have submitted additional evidence showing the location of the diffuser in the river and purporting to show that its presence in the river implicates issues of navigation.[14] TIN responds that plaintiffs' motion provides no basis for reconsideration and that it is an improper attempt to relitigate arguments this Court considered and rejected.[15]

*STANDARD OF LAW*

A motion to alter or amend a judgment filed pursuant to Federal Rule of Civil Procedure 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc). The Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon

---

[12] *Id.*

[13] *Id.*

[14] R. Doc. No. 316.

[15] R. Doc. No. 310.

which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." *Jupiter v. BellSouth Telecommunications, Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.).

## *DISCUSSION*

Plaintiffs have not demonstrated that reconsideration is necessary to correct manifest errors of law or fact or to allow plaintiffs to present new evidence. First, the Court was not misled, as plaintiffs suggest, when it characterized the incident as a product of TIN's "land-based industrial activities." The Court considered the fact that the diffuser was located in the river when it based its analysis on the allegations in the complaint, which state that the waste was "transmitted to the Pearl River directly by a diffuser located in the River itself." Second, the evidence submitted in connection with the motion for reconsideration merely supplements what was already stated in the complaint and it adds little to a proper analysis of the maritime connection test, which turns on a characterization of the events at an intermediate level of generality.[16] The evidence continues to support this Court's characterization of the events giving rise to this dispute as a discharge of waste into a navigable river from a land-based industrial facility. Plaintiffs' attempt to characterize the diffuser as an "obstruction of navigation" does not bear on the general character of the land-based activities that are alleged to have given rise to the incident. Accordingly, the Court does not find that plaintiffs have established grounds for reconsideration under Rule 59(e).

Rather, as TIN observes, plaintiffs' motion for reconsideration is an attempt to rehash arguments this Court has already considered and rejected. The fact that plaintiffs have requested

---

[16] This Court has characterized the activity giving rise to the incident as "a massive discharge of pollution into navigable water from a land-based industrial facility." R. Doc. No. 224, p. 7.

4

relief only with respect to commercial fishermen exposes the flaw in the arguments they continue to assert: while the tort occurred on navigable water and may have had an impact on the maritime activities of commercial fisherman, the focus of the second prong of the connection test is on TIN's activities, which were not substantially related to any traditional maritime activities. For the reasons this Court previously expressed, plaintiffs' claims arise under state tort law and do not warrant application of special admiralty rules.

### *CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that the motion for reconsideration is **DENIED**.

New Orleans, Louisiana, July 16, 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**